**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KHAYAL ZADRAN,

                     Plaintiff,

   - v -                                        Civ. No. 1:22-CV-26
                                                           (GLS/DJS)

U.S. IMMIGRATION AND CITIZENSHIP,

                     Defendant.

**APPEARANCES:**                             **OF COUNSEL:**

KHAYAL ZADRAN
Plaintiff Pro Se
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Plaintiff filed this action on January 13, 2022. Dkt. No. 1. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

**I. SUFFICIENCY OF THE COMPLAINT**

**A. Governing Legal Standard**

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint alleges that Plaintiff applied to become a United States Citizen, but that he has not yet received a response from Defendant. Compl. at p. 2. He alleges that he, in fact, filed two applications, the first in January 2021, *id.*, and a second application, to correct an error in the first. *Id.* at p. 3. The second application was filed November 16, 2021. *Id.*

### C. Analysis of the Complaint

The Complaint asserts only the factual basis for his claims and does not identify any legal basis for relief. That omission alone is a basis for dismissal. *Velez v. Cuomo*, 2021 WL 784129, at *3 (N.D.N.Y. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 781163 (N.D.N.Y. Mar. 1, 2021) (a complaint that "contains no express legal causes of action . . . does not give 'fair notice' of the claims lodged against Defendant[]").

8 U.S.C. § 1446 provides for a statutory process for the investigation and interviewing of applicants to become naturalized United States citizens. Among other things section 1446 provides that "[b]efore a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization." 8 U.S.C. § 1446(a). 8 U.S.C. § 1447(b) further provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The "examination" referred to in section 1447(b) is an interview of the applicant by United States Citizenship and Immigration Services ("USCIS"). *Walji v. Gonzales*, 500 F.3d 432, 435 (5th Cir. 2007); *Alomari v. Keisler*, 2007 WL 3255004, at *2 (S.D.N.Y.

4

Nov. 1, 2007). This provision clearly "provides a cause of action for a claimant who has been subjected to examination - but, after a period of 120 days, has not had his application granted or denied." *Mowlana v. Mukasey*, 2009 WL 130571, at *3 (D. Colo. Jan. 20, 2009). The Complaint does not allege that Plaintiff has yet had this interview. Plaintiff alleges only that his application is still pending and that he has not been contacted by Defendant. Compl. at pp. 1-2. This failure to have alleged that any interview has taken place is sufficient to find that he fails to state a claim because "the statute provides no cause of action for a plaintiff who has not yet been subject to the examination." *Mowlana v. Mukasey*, 2009 WL 130571, at *3 (citing authorities); *see also Kakushadze v. Chertoff*, 2008 WL 2885292, at *7-8 (S.D.N.Y. July 25, 2008). Accordingly, this claim should be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991)). Recognizing that section 1447(b) does, under specified circumstances, confer jurisdiction on the court to address naturalization matters, the Court recommends that Plaintiff be granted leave to amend if he can, through more detailed pleading, address the deficiencies identified above.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  February 28, 2022
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).